**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose McRae, | No. CV-22-08190-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| UNUM Life Insurance Company of America, *et al.*, | |
| Defendants. | |

At issue is Defendants Unum Life Insurance Company of America and Unum Group's Motion to Transfer Venue and Alternative Motion for Declaration of Governing Law (Doc. 96, Mot.), to which Plaintiff Jose McRae filed a Response (Doc. 111, Resp.) and Defendants filed a Reply (Doc. 118, Reply). The Court will resolve the Motion without oral argument. LRCiv 7.2(f).

**I.    BACKGROUND**

In the Complaint, Plaintiff alleges that, in April 2019, he began working for PeaceHealth, an Oregon health care provider whose eligible employees were "fully insured" by Defendants Unum Life and/or Unum Group (collectively, "Unum") under a Policy for short-term disability (STD) and long-term disability (LTD) benefits. (Doc. 1, Compl. ¶¶ 14, 15, 19.) At the time, Plaintiff was registered as a nurse under the laws of Oregon and worked and resided in Eugene, Oregon. (Mot. Ex. 1, McRae Dep. at 15.) On January 21, 2020, Plaintiff became heavily intoxicated and had a physical altercation with

a co-worker away from work, and the resulting injuries allegedly left him unable to work. (Compl. ¶¶ 16–18; Mot. Ex. 5 at 31–34, Springfield, Oregon Police Report.)

Plaintiff first sought medical attention on January 30, 2020, and the same day he submitted an STD claim to Unum under the Policy. (McRae Dep. at 125; Mot. Ex. 4 at 7–8.) Unum Life approved Plaintiff's STD claim and paid him benefits through July 29, 2020, the maximum duration allowed under the policy. (Mot. Ex. 4 at 7–12.) During this period, Plaintiff spent a little over two months—from February to April 2020—with his ex-wife in Arizona, and then returned to Oregon. (McRae Dep. at 20–22, 224.)

When Plaintiff's STD benefits expired, Unum Life investigated Plaintiff's claim for LTD coverage, which included two physician level reviews, and denied the LTD claim on November 6, 2020. (Mot. Ex. 5 at 12–27.) Around the time of the LTD claim denial, Plaintiff returned to Arizona, where he stayed for roughly one year. (McRae Dep. at 224.) Upon Plaintiff's appeal of the denial of his LTD claim, Unum Life ordered a third physician review and upheld the claim denial on April 2, 2021. (Mot. Ex. 5 at 35–47.)

Plaintiff returned to Oregon around November 2021 and married an Oregon resident he had met working at PeaceHealth in 2019. (McRae Dep. at 24-25, 28, 224–25.) Plaintiff has remained in Oregon since November 2021, and his ongoing medical treatment is in Oregon.[1] (McRae Dep. at 6–8, 189–90, 205.)

In the Complaint, Plaintiff raises claims of breach of contract and bad faith against Unum for denial of his LTD claim. (Compl. ¶¶ 61–112.) Unum now moves for transfer of this case to the District of Oregon.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an

---

[1] The Court neither considers nor addresses the propriety of Plaintiff's claim that he had an Arizona driver's license and voter registration while living in Oregon for more than a year. (Resp. at 3.)

- 2 -

'individualized, case-by case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). In resolving a motion to transfer, a court may consider numerous factors, including for example: (1) "the location where the relevant agreements were negotiated and executed," (2) "the state that is most familiar with the governing law," (3) "the plaintiff's choice of forum," (4) "the respective parties' contacts with the forum," (5) "the contacts relating to the plaintiff's cause of action in the chosen forum," (6) "the differences in the costs of litigation in the two forums," (7) "the availability of compulsory process to compel attendance of unwilling, non-party witnesses," (8) "the ease of access to sources of proof," and (9) "the relevant public policy of the forum state, if any." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). The movant has the burden of showing that the proposed forum in the more appropriate one for the action. *Id.* at 499.

## III.   ANALYSIS

In the Complaint, Plaintiff alleges, "At all relevant times, [Plaintiff] was a resident and citizen of Coconino County, Arizona." (Compl. ¶ 1.) By his own sworn testimony, this allegation is flatly false. Plaintiff was a resident of Oregon when he worked for an Oregon employer that provided the STD and LTD benefits at issue in this action, when he was injured, when he filed a STD claim under the Policy and Unum approved the claim, when he incurred and paid medical fees, when he filed a LTD claim under the Policy and underwent two physician reviews, when Unum denied the LTD claim, and when he filed the Complaint in this action. Indeed, Plaintiff remains a resident of Oregon and receives ongoing medical care in Oregon. The only period relevant to this action in which Plaintiff was in Arizona was a one-year period during which he awaited a decision from Unum on his appeal of the denial of his LTD benefit claim and underwent a third physician review. Unum represents that, in Plaintiff's disclosures in this action, he did not identify a single Arizona-based medical care provider. (Mot. at 6.) Based on these facts, virtually all the contacts relating to Plaintiff's cause of action—and the associated access to evidence—are

in Oregon. Accordingly, a transfer of this case to Oregon serves the interest of the convenience of witnesses and the parties.

With regard to the choice of law to be applied in this action, if this dispute is not governed by the Employee Retirement Income Security Act (ERISA), as Unum contends, then the contacts identified above point to the application of Oregon law. Thus, Arizona has no interest in this dispute, because it can have no legitimate interest in blocking the application of Oregon law and policy to a dispute that arose in Oregon regarding a Plaintiff who is not an Arizona resident but rather resided in Oregon at almost all the relevant times and resides in Oregon now. Additionally, while federal district courts are equally versed in the application of ERISA, Oregon courts are more familiar with Oregon law, should it be the applicable law in this case.

While those factors weigh in favor of finding that Oregon is the most appropriate venue for this action, the only factor weighing in favor of Arizona is that it was Plaintiff's choice of forum. Other factors are either neutral or slightly favor Oregon; they do not favor Arizona. For example, the agreements at issue in this action were negotiated and executed between PeaceHealth—a health care provider in Oregon, Washington, and Alaska—and Unum—a Maine insurance group, by way of a Pennsylvania-based Trust. And in terms of the costs of litigation in Oregon as compared to Arizona, Plaintiff is a resident of Oregon and, as noted *supra*, the evidence is located there or in other locations outside Arizona.

The Court disagrees with Plaintiff's contention that Unum's present motion to transfer is "untimely" because discovery is already well underway. (Resp. at 11.) The Court entered a stay of discovery that could be affected by this ruling (Docs. 120, 122) so that the Court could prioritize the determination of whether the interests of justice are served by transferring this case to Oregon.

It is undisputed that this action could have been brought in Oregon, and in weighing the relevant factors, the Court finds that Oregon is the more appropriate forum for the adjudication of this case. As a result, the Court will transfer this action to the District of

Oregon under 28 U.S.C. § 1404(a). The Court therefore declines to address what law applies to this case, as that is a question better resolved by the transferee court.

**IT IS THEREFORE ORDERED** granting in part Defendants Unum Life Insurance Company of America and Unum Group's Motion to Transfer Venue and Alternative Motion for Declaration of Governing Law (Doc. 96). The Court will transfer this case to the District of Oregon and declines to address the governing law in this case.

**IT IS FURTHER ORDERED** directing the Clerk of Court to transfer this case to the District of Oregon as soon as is practicable and to close this matter.

Dated this 7th day of January, 2025.

_____
Honorable John J. Tuchi
United States District Judge